UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOREN CASERTANO, and | : |
| KIM-MARIE CASERTANO | : |
|     Plaintiffs, | : |
| | :   3:09-cv-1853 (CFD) |
| v. | : |
| | : |
| JOHN KERWIN, | : |
| JOEL W. HURLIMAN, and | : |
| CITY OF SHELTON, | : |
|     Defendants. | : |

**RULING ON MOTION TO DISMISS**

**I.    Introduction**

This case arises out of a claim brought by the plaintiffs, Officer Loren Casertano ("Officer Casertano") and his wife Kim-Marie Casertano ("Mrs. Casertano"), against the defendants, Assistant State's Attorney John Kerwin ("Kerwin"), Commissioner of Shelton Police Joel W. Hurliman, and the City of Shelton. The plaintiffs allege violation of their rights under the U.S. Constitution and seek damages, attorneys' fees, and injunctive relief pursuant to 42 U.S.C. § 1983. Defendant Kerwin has moved to dismiss.

**II.    Background[1]**

Officer Casertano was arrested in July 2008 for Fifth-Degree Larceny, in violation of Conn. Gen. Stat. § 53a-125a. The offense is a class B misdemeanor, and then applied when the

---

[1] Unless otherwise noted, these facts are taken from the parties' memoranda, exhibits, and affidavits concerning the pending motion to dismiss. They are undisputed unless otherwise noted.

-1-

value of the stolen property exceeded two hundred fifty dollars.[2] See Conn. Gen. Stat. § 53a-125a. The police claimed that Officer Casertano had misrepresented the value of an iPod stolen from his daughter at school, and subsequently accepted restitution in an amount that exceeded the iPod's true value. Officer Casertano denies these allegations and claims that the arrest warrant was fabricated by Shelton police officers in retaliation for his decision to inform local and federal law enforcement about another Shelton police officer's fraudulent insurance report.

The alleged wrongdoing attributed to Assistant State's Attorney Kerwin focuses on the pending criminal case against Officer Casertano. The plaintiffs allege that Kerwin's plea offer of accelerated rehabilitation, which allegedly requires that Officer Casertano resign from the Shelton Police Department, is part of the retaliation against Officer Casertano's prior "whistle blowing" activities concerning the insurance report. Mrs. Casertano claims injury because Kerwin has allegedly threatened that she and the plaintiffs' daughter would face criminal prosecution if Officer Casertano does not accept the plea bargain.

The plaintiffs have filed suit against Kerwin and the other defendants, claiming that their actions violate the plaintiffs' rights under the First, Fifth, Sixth, Ninth and Fourteenth Amendments to the U.S. Constitution. In addition, the plaintiffs request an injunction to prevent "unconscionable conditions" in connection with the resolution of Officer Casertano's criminal case and also to prohibit the issuance of arrest warrants against either Mrs. Casertano or the plaintiffs' daughter.[3] Kerwin asserts that, as a prosecutor, he is immune from suit under the

---

[2] The statute has since been amended to raise the threshold amount to five hundred dollars. See Conn. Gen. Stat. § 53a-125a.

[3] The plaintiff contends that the statute of limitations has expired as to Mrs. Casertano. See Plaintiffs' Opposition to Defendant's Motion to Dismiss, Civil Action No. 3:09-cv-1853,

allegations of the complaint. In the alternative, he argues that the plaintiffs have not stated a plausible claim against him on any of their five counts.

**III.     Applicable Law and Discussion**

    **A.     Absolute Prosecutorial Immunity**

Prosecutors enjoy absolute immunity against suits filed at common law and under 42 U.S.C. § 1983. See Imbler v. Pachtman, 424 U.S. 409, 427 (1976). This policy aims to strike a balance between redressing wrongs and allowing prosecutors the freedom necessary to perform their public duties. See Van de Kamp v. Goldstein, 129 S. Ct. 855, 859 (2009). Absolute immunity seeks to address concerns that "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Imbler, 424 U.S. at 423.

Generally, prosecutors are immune from suits for damages "arising out of prosecutorial duties that are intimately associated with the judicial phase of the criminal process." Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001), quoting Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir. 1996) (internal quotations omitted). In order to determine whether a prosecutor is entitled to absolute immunity in a specific instance, courts look to the "functional nature of the activities rather than respondent's status." Imbler, 424 U.S. at 430. Thus, immunity depends not on the identity of the actor, but rather on the specific function that is being performed. See Warney v.

---

Dkt. 17, p. 7. Though the Court examines whether Kerwin is immune for his decision whether to charge her, that analysis is independent of whether any such charges would be within the statute of limitations.

Monroe County, 587 F.3d 113, 121 (2d Cir. 2009). "Those acts that are 'intimately associated with the judicial phase of the criminal process' would be shielded by absolute immunity, but not 'those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate.'" Id., quoting Imbler, 424 U.S. at 430-31.

In this case, Kerwin is entitled to absolute prosecutorial immunity because the alleged wrongdoing – attaching conditions during plea bargaining – is an act "intimately associated with the judicial phase of the criminal process." See id., quoting Imbler, 424 U.S. at 430-31. A prosecutor is absolutely immune from a suit for damages based on both the decision to initiate prosecution, see Imbler, 424 U.S. at 410, and also the decision not to prosecute. See Schloss v. Bouse, 876 F.2d 287, 290 (2d Cir. 1989). Therefore, Kerwin's determination of whether to charge Mrs. Casertano is not actionable.

As to Kerwin's actions against Officer Casertano, absolute immunity also shields prosecutors from suit related to their conditional charging decisions. "Plea bargaining is perhaps the most common situation in which a prosecutor's decision not to prosecute is conditioned on the defendant's agreement to perform some act in return." Id. at 291. As such, the negotiations pertaining to a plea bargain are "intimately associated with the judicial phase of the criminal process," Warney, 587 F.3d at 121, quoting Imbler, 424 U.S. at 430-31, since it is a conditional aspect of the decision to bring charges. Though, in the plea bargaining context, "the prosecutor's stance could be viewed as coercive since a decision to prosecute on all charges may follow from the defendant's refusal to plead guilty to some, the prosecutor's decisions in this process are protected by absolute immunity from a suit for damages." Id. See also Taylor v. Kavanagh, 640 F.2d 450, 451-52 (2d Cir. 1989) (holding that prosecutor was entitled to absolute immunity even

where plaintiff alleged fraud and breach of agreement on sentencing recommendation).

Though plea bargaining is associated with the judicial aspect of a prosecutor's duties, absolute immunity will not extend to every possible demand that could be made in the plea bargaining process. "[W]here a prosecutor acts without any colorable claim of authority, he loses the absolute immunity he would otherwise enjoy." Barr v. Abrams, 810 F.2d 358, 361 (2d Cir. 1987). Similarly, actions that are in the clear absence of jurisdiction or "manifestly or palpably beyond [one's] authority" will not be protected by absolute immunity. See Schloss, 876 F.2d at 291, citing Stump v. Sparkman, 435 U.S. 349, 357 (1978) and Spalding v. Vilas, 161 U.S. 483, 498 (1896). When a prosecutorial decision is conditioned upon the performance of a specific act, absolute immunity will be denied if "the nature of the conduct that was allegedly intertwined with the prosecutorial decision . . . was plainly beyond the prosecutor's jurisdiction." Id. at 292. For example, "demands for bribes or sexual favors" would clearly exceed the scope of a prosecutor's authority. Id. at 291. The Second Circuit has noted, in dicta, that a prosecutor who allegedly threatened a witness with removing her child from her custody in order to coerce perjured testimony "might not enjoy absolute immunity from suit." Lee v. Willins, 617 F.2d 320, 322 (2d Cir. 1980). Likewise, a prosecutor has been denied absolute immunity where the condition to not bring charges required the defendant to swear her innocence on a Bible in her church. See Doe v. Phillips, 81 F.3d 1204, 1210-11 (2d Cir. 1996).

Here, the nature of the alleged condition in this plea bargain was not "plainly beyond" Kerwin's jurisdiction. See Schloss, 876 F.2d at 292. Courts have held that a prosecutor who requests a police officer to resign his position in order to avoid prosecution is entitled to absolute prosecutorial immunity. See, e.g. Arnold v. McClain, 926 F.2d 963 (10th Cir. 1991) (holding

that a district attorney was entitled to absolute prosecutorial immunity from suit by police officer who was told to resign in order to avoid criminal perjury charges); Rucks v. Owens, 2003 WL 21005252 (N.D.Ill. May 1, 2003) (ruling that a prosecutor was entitled to absolute prosecutorial immunity from suit by a corrections officer who was required to resign in order to avoid felony narcotics charges). See also Schloss, 876 F.2d at 291-92 (holding that a prosecutor's negotiation of a release from civil liability in exchange for dropping criminal charges was entitled to absolute immunity). Simply because the condition in this case did not take the specific form of a term of incarceration or probation does not render the negotiations "plainly beyond" the authority of a prosecutor in plea negotiations. Following the decisions in McClain and Rucks, this Court finds that Kerwin is entitled to absolute immunity for his alleged request that Officer Casertano resign his position in exchange for a promise not to prosecute a charge of larceny.

### B. Qualified Immunity

Though this Court finds that Kerwin is entitled to absolute prosecutorial immunity with regard to his decision about whether to bring charges against Mrs. Casertano and the condition attached during plea bargaining in Officer Casertano's criminal case, Kerwin would also be protected by qualified immunity in this case. When government officers are sued in connection with a discretionary action, they are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity involves two inquiries: first, whether the officer's conduct violated the plaintiff's constitutional rights; and if so, second, whether that right was clearly established. See

Saucier v. Katz, 533 U.S. 194, 201 (2001). Even if the plaintiff's constitutional rights were clearly established, qualified immunity will protect Kerwin if it was "'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." See Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995), quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987). In this case, Kerwin would have reasonably believed that charging decisions – even including the condition of resignation – are within the purview of his office. Prosecutors are generally immune for their decision to file charges and their decisions not to file charges. See Imbler, 424 U.S. at 410, and Schloss, 876 F.2d at 290. Furthermore, as discussed above, the conditions of plea bargaining appear to be consistent with prior plea negotiations involving police officers. See, e.g. McClain, 926 F.2d at 963, and Rucks, 2003 WL 21005252. Therefore, it was objectively reasonable for Kerwin to believe that his actions were lawful when he acted. Though protected by absolute prosecutorial immunity, Kerwin would also be shielded from liability in this case under the doctrine of qualified immunity.[4]

### C. Abstention under Younger v. Harris

The plaintiffs seek injunctive relief preventing Kerwin from conditioning Officer Casertano's accelerated rehabilitation on his resignation from the Shelton Police Department and preventing Kerwin from bringing charges against Mrs. Casertano. Federal courts are required to abstain from exercising subject matter jurisdiction over federal constitutional claims that involve or question ongoing state proceedings. See Younger v. Harris, 401 U.S. 37, 43-44 (1971). The

---

[4] Since the Court has granted Kerwin's motion to dismiss on immunity grounds, it declines to reach the question of whether the plaintiffs stated a claim for relief under the First, Fifth, Sixth, Ninth or Fourteenth Amendments.

three requirements for mandatory abstention pursuant to Younger are: that a state proceeding is ongoing, that an important state interest is implicated, and that the plaintiff has an opportunity to seek review of constitutional claims in state court. See Liberty Mut. Ins. Co. v. Hurlbut, 585 F.3d 639, 647 (2d Cir. 2009). Exceptions to Younger abstention include bad faith prosecutions, patently unconstitutional laws, and waiver. See Erwin Chemerinsky, FEDERAL JURISDICTION, § 13.4 (2007). The plaintiffs bear the burden of demonstrating that one of these exceptions should apply. See Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002), citing Kirschner v. Klemons, 225 F.3d 227, 235-36 (2d Cir. 2000).

The plaintiffs do not appear to dispute the applicability of Younger in this case, but rather contend that this case falls within the exception provided for bad faith prosecutions. See Plaintiffs' Opposition to Defendant's Motion to Dismiss, Civil Action No. 3:09-cv-1853, Dkt. 17, p. 12. In such cases, "the subjective motivation of the state authority in bringing the proceeding is critical to, if not determinative of, this inquiry." McGowan, 282 F.3d at 199, citing Schlagler v. Phillips, 166 F.3d 439, 442-43 (2d Cir. 1999) and Kirschner, 225 F.3d at 236-37. An absence of fair judicial proceedings at the state level must be shown to prevail on the bad faith exception. See Juicide v. Vail, 430 U.S. 327, 338 (1977).

Despite the plaintiffs' contentions that Kerwin is retaliating against Officer Casertano, the alleged retaliation is not of the type that warrants an injunction from federal court. Instead, the plaintiffs have "failed to show that the actions of [the defendant] constituted anything other than a straightforward enforcement of the laws" of Connecticut. See Schlagler, 166 F.3d at 443. The bad faith prosecution exception is a "narrow" one. See Cullen v. Fliegner, 18 F.3d 96, 104 (2d Cir. 1994), citing Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975). Since Kerwin appears to

have been acting within his authority in bringing these charges, see Schlagler, 166 F.3d at 444, the bad faith prosecution exception is not applicable here. Furthermore, the statute of limitations appears to have expired against Mrs. Casertano. See Plaintiffs' Opposition to Defendant's Motion to Dismiss, Civil Action No. 3:09-cv-1853, Dkt. 17, p. 7. Though evidentiary hearings have been helpful in resolving factual disputes in prior cases for injunctive relief, see, e.g. Kern v. Clark, 331 F.3d 9, 12 (2d Cir. 2003), the apparent bar imposed by the statute of limitations makes such findings unnecessary.[5] Therefore, enjoining the state criminal proceedings would not be proper under Younger.

## IV. Conclusion

For the reasons set forth above, the defendant's motion to dismiss [Dkt. # 6] is GRANTED. Defendant Kerwin is dismissed as a defendant.

SO ORDERED this 11th day of August 2010, at Hartford, Connecticut.

/s/ Christopher F. Droney

**CHRISTOPHER F. DRONEY**

**UNITED STATES DISTRICT JUDGE**

---

[5]Though the criminal docket of the Connecticut Superior Court lists a pending case against Mrs. Casertano, it lists a different offense and date of arrest than the pending larceny charge against Officer Casertano.