**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**LOREN CASERTANO, et al,**
       - **Plaintiffs**

v.                                                          CIVIL NO. 3:09-CV-1853 (CFD)

**JOHN KERWIN, et al,**
       - **Defendants**

## Ruling and Order on Plaintiff's Motion to Compel

The plaintiffs, Loren Casertano and Kim-Marie Casertano, brought suit against the defendant and the City of Shelton on November 16, 2009. (Dkt. # 1). The plaintiff, Mr. Casertano, was a police officer. Pl.'s Compl. at 1. This case stems from an incident which occurred in March of 2008. Def.'s Resp. at 3. At that time, plaintiff's daughter's iPod was stolen while she was at school. Id. A fellow student was arrested and charged with 5th Degree Larceny. Mr. Casertano was subsequently arrested for allegedly demanding and accepting an inflated restitution payment from the juvenile arrestee's family. Id. Mr. Casertano was charged with 5th Degree Larceny. Later he and Kim-Marie Casertano were charged with felony Conspiracy to Commit Tampering with Physical Evidence. Id. at 4. Plaintiffs claim that the defendant improperly sought to influence the disposition of the larceny by restitution charge pending against Mr. Casertano, in collusion with

prosecutor Kerwin, to ensure Mr. Casertano's resignation from the Shelton Police Department. Id. The resignation was allegedly a condition to Mr. Casertano's acceptance of the Accelerated Rehabilitation diversionary program. Id.

On February 16, 2010, the plaintiffs served the defendant with their first request for production. Defendant responded on April 7, 2010. On November 4, 2010, the plaintiff filed his motion to compel. (Dkt. # 36). With the exception of two requests, numbered 1 and 21, the defendant has objected to all requests for production made on him by the plaintiffs. The objections can be divided into three groups. First, the defendant objects to requests numbered 8-12, 15-18, 20, 22, 24, and 25 because they seek juvenile records which are protected under Connecticut State law. For reasons stated below, the motion to compel the responses to these requests is **denied.** Second, the defendant objects to requests numbered 2-3, 8-9, 13-15, 18-20, and 22, because they seek investigative and evidentiary records that bear directly on the parallel criminal proceedings pending against plaintiffs. However, of these, only requests numbered 2-3, 13-14, and 19 have not been denied under the juvenile records inquiry. For reasons stated below, the motion to compel the responses with respect to these requests is **granted.** Third, the defendant objects to requests numbered 4, 5, 6, and 23 because they are overly broad as framed and exceed the limits for Rule 26(b)(1) on their face. For reasons stated below, the motion

2

to compel responses with respect to these requests is **granted.**

## I. Juvenile Records

First, the defendant contends that he is incapable of complying with requests numbered 8-12, 15-18, 20, 22, 24, and 25. Def.'s Resp. at 11. The defendant argues that these requests seek juvenile records protected under Connecticut State law, and that they are not relevant to the instant case. Id. The defendant further states that he cannot disclose the requested juvenile records unless ordered to do so by the court, or with the written consent of the juvenile or her parent pursuant to C.G.S. 46b-124 (e) and In re Sheldon G., 216 Conn. 563, 577 n. 11 (1990). Id.

In general, juvenile records are discoverable under Rule 26(b)(1). See Hamilton v. Distr. of Columbia, 152 F.R.D. 426, 427 (D.D.C. 1994). That rule states, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." The Second Circuit has stated that this obviously broad rule is liberally construed. Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, (1978) (relevance under Rule 26(b)(1) broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y.1988) (term "reasonably calculated" in the quoted

3

provision means "'"any possibility that the information sought may be relevant to the subject matter of the action"'") (quoting Mallinckrodt Chem. Works v. Goldman, Sachs & Co., 58 F.R.D. 348, 353 (S.D.N.Y. 1973) (quoting Charles A. Wright, Law of Federal Courts § 81, at 359 n. 47 (2d ed. 1970))) (emphasis added in Mallinckrodt).  The juvenile records in question relate to the initial theft of the iPod.  This is certainly relevant because the plaintiff's claims in his complaint that his behavior regarding the recovery of the iPod led to the violation of his constitutional rights.  In this case, the discovery sought is relevant because there is a possibility that it will lead to information that bears on the subject matter of this case.

However, the inquiry does not end there.  Although the juvenile records are undoubtedly confidential, they are not *privileged*, and therefore they are subject to discovery.  State v. William B., 76 Conn.App. 730 (2003) ("While § 46b-124 does not create a statutory privilege against disclosure of juvenile records for family members of the child who is the subject of proceedings in juvenile matters, it is, however, appropriate to consider the nature of the information generally contained in the juvenile records to decide whether the records should remain confidential.").  The presumption of confidentiality of Juvenile Court records may be overcome by the demonstration of a compelling need.  Id.  The plaintiffs in this case provided the court with no

memorandum in support of their motion to compel, thus, the court is without knowledge of any "compelling" need to outweigh the presumption of confidentiality. Therefore, the court is going to **DENY** without prejudice the motion to compel requests for production numbered 8-12, 15-18, 20, 22, 24, and 25.

**II. Documents that Bear Directly on a Related Criminal Proceeding**

Second, the defendant argues that he should not be compelled to respond to plaintiffs's requests for production which are numbered 2-3, 13-14, and 19, because they seek "investigative and evidentiary records that bear directly on the [parallel] criminal proceedings pending against plaintiffs." Def.'s Resp. at 8. The defendant goes on to say that to now "compel Chief Hurliman's compliance with these requests would promote backdoor abuse of the criminal discovery process via the more relaxed standards governing civil discovery." Id. In determining whether to stay a civil proceeding, or issue a temporary protective order, pending the outcome of a related criminal case, courts consider a number of factors, including:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffss in proceeding expeditiously; (4) the private interests of, and the burden on, the defendants; (5) the interests of the courts and the public. See Gala Enterprises, Inc. v. Hewlett Packad Co., No. 96 Civ. 4864, 1996 WL 732636, at *2 (S.D.N.Y. Dec. 16, 1996), 1996 U.S. Dist. LEXIS 18867, at *4; Trustees of Plumbers Pen. Fund v. Transworld Mech., 886 F.Supp. 1134, 1139 (S.D.N.Y.1995) (footnotes omitted). Crawford & Sons,

5

Ltd. v. Besser, 298 F.Supp.2d 317, 319 (E.D.N.Y.,2004).

As to the first factor, there is significant overlap between the criminal proceeding and the civil case. The plaintiffs alleges in their complaint that they filed this civil action because Mr. Casertano "has been made the target of a vindictive prosecution inspired by a motive to silence his efforts to expose corrupt practices in the Shelton Police Department." Pl.'s Compl. at 1. The "vindictive prosecution" that the plaintiffs are referring to, of course, is the related criminal case. Therefore, the civil suit is based almost entirely on the criminal case. As to the second factor, the plaintiffs have been arrested and charged formally in the related criminal case. Furthermore, as noted below, the criminal case is expected to be resolved shortly.

As to the third and fourth factors, the defendant seeks a protective order from having to respond to these specific requests only until the conclusion of the parallel criminal proceeding. The requested temporary protective order is most likely to be granted where the civil and criminal actions involve the same subject matter. Crawford & Sons, Ltd. v. Besser, 298 F.Supp.2d 317, 319 (E.D.N.Y., 2004). Plaintiffs would suffer very little prejudice if the temporary protective order were granted. According to the parties's "Consent Motion to Vacate Trial Management Order and to Modify the Scheduling Order" (Dkt. # 30) the criminal charges which are pending are expected to be resolved "by March, 2011." See id.

6

at 3. This means that, by plaintiffs's counsel's "best estimate," defendant would only be excused from responding for less than two months. Id.

As for the fifth factor, the Magistrate recognizes that the public interest in the integrity of the criminal process greatly outweighs the harm that the plaintiffs may suffer from the brief delay of discovery in the civil matter. After considering all five factors, the Magistrate agrees with the defendant; the defendant shall provide the plaintiffs with responses to requests numbered 2-3, 13-14, and 19 once the related criminal proceeding has concluded.

## III. Relevancy

Third, the defendant argues that he should not be compelled to comply with requests numbered 4, 5, 6, and 23 because they are "overly broad as framed and exceed the limits for Rule 26(b)(1) on their face." Def.'s Resp. at 14. As noted above, Rule 26 (b)(1) provides, in pertinent part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." The discovery does not need to be admissible in court, rather it need only appear "reasonably calculated to lead to the discovery of admissible evidence." Also, as noted above,

7

The Second Circuit has stated that this obviously broad rule is liberally construed. Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, (1978) (relevance under Rule 26(b)(1) broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y.1988) (term "reasonably calculated" in the quoted provision means "'"any possibility that the information sought may be relevant to the subject matter of the action"'") (quoting Mallinckrodt Chem. Works v. Goldman, Sachs & Co., 58 F.R.D. 348, 353 (S.D.N.Y. 1973) (quoting Charles A. Wright, Law of Federal Courts § 81, at 359 n. 47 (2d ed. 1970))) (emphasis added in Mallinckrodt).

The information sought in requests numbered 4, 5, 6, and 23 seems to relate to the motivation underlying the actions specified in plaintiffs's complaint; namely, the alleged collusion of police officers to get plaintiffs to resign from the police department. (Pl.'s Compl. at 1). Therefore, requests numbrered 4, 5, 6, and 23 appear reasonably calculated to lead to the discovery of admissible evidence, and thereby fall within the scope of discovery. Defendant is hereby compelled to produce responses to them. With respect to requests numbered 4, 5, 6, and 23, plaintiffs's motion to compel is **GRANTED**.

**IV. Specific Objections**

Finally, the Court notes the defendant's specific objections. The Court notes the defendant's objection to the use of the word "falsified" in Request numbered 7, and is hereby ordered to respond. Similarly, the Court notes the defendant's objection to the use of the phrase "outside of normal police procedures" in Request numbered 25; however, for the reasons stated above, the defendant is not required to respond to this request at this time. *Supra* at 3-5. The Court finds that requests numbered 9 and 22 are ambiguous as worded; the plaintiff is ordered to clarify the wording of the requests and the defendant is ordered to respond. Lastly, for requests numbered 11, 13, and 17, the defendant, of course, does not need to produce any documents or records protected by the attorney/client, work-product, or any other recognized privilege.

**Conclusion**

For the reasons stated above, the motions to compel the responses to requests numbered 8-12, 15-18, 20, 22, 24, and 25 are **denied without prejudice**, 2-3, 13-14, and 19 are **granted**, and 4, 5, 6, and 23 are **granted.**

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. 636 (b) (1) (A); Fed. R. Civ. P. 6 (a), (e) and 72 (a); and Rule 2 of the Local Rules for U.S. Magistrate

Judges.  As such, it is an order of the court.  See 28 U.S.C. § 636 (b) (written objections to ruling must be filed within fourteen days after service of same).

**IT IS SO ORDERED.**

    **Dated at Hartford, Connecticut this 24th day of January, 2011.**

                                          **/s/ Thomas P. Smith**
                                          **Thomas P. Smith**
                                          **United States Magistrate Judge**